# LIMITED NONDISCLOSURE AGREEMENT
# REGARDING T.B.I. RECORDS

This Nondisclosure Agreement is hereby made this ____ day of _____, 2011, by and between Robyn Beale Williams, Esquire, and Jeanne Broadwell, General Counsel for the Tennessee Bureau of Investigation.

WHEREAS, on or about February 3, 2011, a subpoena was issued requesting that the Tennessee Bureau of Investigation produce its investigative file case number CV-76C-000021 concerning Ronald James Eibel to Attorney Robyn Beale Williams.

WHEREAS, the documents sought contain information that the Tennessee Bureau of Investigation maintains is confidential under Tennessee Code Annotated, § 10-7-504(a)(2);

WHEREAS, the parties wish to provide for the production of the requested information for the use of the aforementioned party during discovery and litigation of the above-captioned case without the necessity of litigating disclosure of part of the information and without the necessity of litigating the issue of disclosure to the public generally; and

WHEREAS, the parties therefore agree that the disclosure of the information described below ought to be limited to allow its use only as evidence in connection with

**EXHIBIT A**

these proceedings and for no other purposes, absent further agreement of the parties or an order of the Court;

NOW, THEREFORE, the parties agree as follows:

1. **Information excluded from production under this agreement.**

   The parties agree that the following information will be excluded from production in the absence of an express court order to the contrary:

   a. **Social Security numbers.** The parties acknowledge and agree that pursuant to the Privacy Act of 1974, Pub.L. 93-579 88 Stat. 1896, 1909 (1974), as codified at 5 U.S.C. §552a, before the introduction into evidence at trial or other public disclosure (including use in connection with any deposition, request for admission or any other discovery or as an exhibit in support of or opposition to any motion) of any documents which contain the social security number of any person, such social security number will be redacted from the document prior to its introduction into evidence or other public use.

   b. **NCIC criminal history information.** Federal law requires the Bureau to resist producing documents or information received from the Federal Bureau of Investigation, including NCIC criminal history information 5 U.S.C. §552(b); 28 C.F.R. §20.33, *Cline v. Rogers,* 87 F.3d 176, 179 (6th Cir. 1996).

   c. **Medical Record Information.** The parties acknowledge that documents bearing Bates CID 34-43, 56-64, 66 & 86 are medical records and will only be

produced pursuant to a specific court order allowing for the release of medical records.

d. **Documents to be produced pursuant to this Agreement.**

The parties further agree that true and correct copies of the Bureau's records shall be produced to Counsel for the aforementioned Respondents.

e. **Description: File Number** CV-76C-000021

f. **Bates numbered:** CID 1-162 (less pages 34-43, 56-64, 66 & 86). Counsel understands that even though the Bureau used its best efforts to locate all records relating to the scope of the subpoena, changes in agency personnel and physical facilities, and the passage of time, can make it difficult to ensure that all records have been located.

2. **Conditions governing disclosure and use of confidential information in connection with the litigation.**

The investigative records of the Bureau are confidential pursuant to Tennessee Code Annotated, §10-7-504A(a)(2); accordingly, document files produced by the Bureau in this case shall be subject to a Nondisclosure Agreement. The parties agree that all documents produced pursuant to the subpoena and any deposition regarding information from the Bureau shall be considered "confidential material." For purposes of this agreement, "Documents" means all materials from the Bureau produced in discovery in this case. It is agreed that confidential material shall be made available to counsel for the parties on the following conditions:

a. Confidential material shall be used only for the purpose of the proceedings associated with the above-captioned cause and shall not be disclosed to any person except:

   (1) Counsel of record for any party, including associated or internal counsel, and the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action;

   (2) Parties to the litigation;

   (3) Independent experts or consultants employed by counsel for the purpose of assisting counsel in this action;

   (4) Witnesses in preparation of litigation;

   (5) Witnesses and court reporters at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

   (6) Any court or appellate body which has cause to consider any of the issues raised in this action;

   (7) Any other person only upon written consent of the Tennessee Bureau of Investigation, the Office of the Attorney General and Reporter for the State of Tennessee or one of their designees;

   (8) Any other person or entity to whom the Court determines disclosure is appropriate;

   (9) Any witness who may be shown relevant confidential material during an interview, but who may not be given copies of confidential material; and

   (10) Insurance adjuster(s) for any company involved in this litigation.

b. Any person receiving confidential material pursuant to this Agreement shall keep it separate and inaccessible to others to whom disclosure is not permitted under this Agreement, and shall not reveal such material to, or discuss such material with, any person not entitled to disclosure under this Agreement.

c. The party receiving confidential material pursuant to this Agreement agrees to provide copies of any or all such materials to all other parties to this litigation, or their counsel, upon request; provided, however, that no such items shall be produced unless the party or parties seeking such items agree in writing to be bound by the terms and conditions of this Agreement. Nothing stated in this Agreement shall prohibit the party providing such documents or other materials from imposing a charge to cover the costs and expenses incurred in providing the requested items.

d. The parties agree that if it should be necessary to submit to the Court any confidential material obtained through this Agreement, including, but not limited to, material used in connection with depositions, interrogatories, requests for production, requests for admissions, motions, or any other pretrial matter, the party submitting the material shall first file a motion with the Court requesting an order that the material shall be filed and maintained under seal by the Court Clerk for *in camera* review. The submitting party should also request that the order provide that the sealed material bear the following designated language written on the outside:

"CONFIDENTIAL"

By subpoena issued on February 3, 2011, this envelope contains confidential material and is not to be opened or reviewed by persons not included in the Nondisclosure Agreement, pending further orders of the Court.

The party filing the motion shall give notice to the Bureau through the undersigned Counsel.

e. Confidential documents or confidential information may be utilized during depositions involving this matter for any appropriate purpose without prior notice. Any transcript, notes or other recording of deposition testimony containing information made confidential herein shall be confidential material subject to this Nondisclosure Agreement.

f. Subject to the requirements of the Federal Rules of Evidence, confidential documents and information may be offered in evidence at trial or any hearing in open court, provided that the proponent of the evidence gives notice to opposing counsel. Notice given during the hearing or trial shall be sufficient notice so long as the notice is given before the information or documents are disclosed. The opposing counsel may move the court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this agreement to have access to it. Nothing in this agreement shall operate as an admission by any party that any particular discovery material is or is not admissible in evidence in this action.

3. **Right to Object Preserved.**

Nothing herein shall affect any person's or party's right to object to any discovery request, including the right to assert that no discovery of certain documents or information should be had.

4. **Return or destruction of materials upon termination of action.**

Upon termination of the above-captioned action, including any appeals, all copies of confidential material obtained through this agreement shall either be returned to the Tennessee Bureau of Investigation or the Office of the Attorney General

and Reporter for the State of Tennessee or shall be destroyed by the party in possession of same, with notice to the Tennessee Bureau of Investigation or the Office of the Attorney General and Reporter.

Signed this \_\_\_\_ day of _____, 2011.

_____
Jeanne Broadwell, General Counsel
Tennessee Bureau of Investigation
901 R.S. Gass Blvd.
Nashville, Tennessee 37216
(615) 744-4208


*Robyn Beale Williams*
Robyn Beale Williams, Esquire
Farrar & Bates, LLP
211 Seventh Avenue, North
Suite 500
Nashville, TN 37219
(615) 254-3060